Filed 9/14/15  P. v. Galaviz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067176 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. PLAR8825) |
| MICHAEL GALAVIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Margie G. Woods, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Michael Galaviz appeals the decision of the trial court entered November 3, 2014, revoking and reinstating his parole, subject to the condition he serve 180 days in custody, after he had been arrested for indecent exposure.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders*

*v. California* (1967) 386 U.S. 738 (*Anders*) stating counsel is unable to find any arguable issues for reversal on appeal. Counsel requests this court to review the record for error as required by *Wende*.

FACTS AND PROCEDURAL BACKGROUND

Galaviz was on parole for a vandalism conviction (Pen. Code, § 594, subd. (b)(1)) when he was arrested on September 30, 2014, for indecent exposure, in violation of Penal Code section 314, subdivision 1 and of the terms and conditions of his parole. An evidentiary hearing was held on the alleged parole violation on November 3, 2014. The court found Galaviz violated the law by committing indecent exposure, and revoked and reinstated parole subject to 180 days of incarceration in jail, with custody credits of 69 days. Galaviz filed his notice of appeal from this order on November 12, 2014.

The complaining witnesses, Messrs. Delhoyo and Naughten, were employed as loss prevention officers at a Walmart store when they saw Galaviz acting suspiciously inside the store. When Galaviz was in the ladies department, he took his penis out of his pants and "gently stroke[d] it a little bit." His penis was exposed for 15 to 20 seconds. Naughten and Delhoyo were watching (through a surveillance camera) when Galaviz exposed himself and Delhoyo was offended by Galaviz's exposure and conduct.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, indicating counsel was unable to find any arguable issues for reversal on appeal and asks this court to review the record for error as mandated by *Wende*. As required by *Anders, supra,* 386 U.S. 738, appellate counsel has set forth one

2

possible, but not arguable, issue: Whether there is sufficient evidence to meet the prosecutor's burden to prove the parole violation when the only persons who witnessed the exposure viewed it through a surveillance security camera rather than in person.

We granted Galaviz permission to file a supplemental brief on his own behalf, but he has not responded. We have reviewed the entire record as mandated by *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 and have not discovered any reasonably arguable issues for reversal on appeal. Competent counsel has represented Galaviz on this appeal.

DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.

3